UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| APRIL HUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-04147-SLD-JEH |
| | ) |
| CONAGRA BRANDS, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Defendant Conagra Brands, Inc.'s motion to dismiss, ECF No. 7; Defendant's motion for leave to file a reply brief, ECF No. 12; Defendant's first motion for leave to file a notice of supplemental authority, ECF No. 13; and Defendant's second motion for leave to file a notice of supplemental authority, ECF No. 14. For the following reasons, the motion to dismiss is GRANTED, the motion for leave to file a reply brief is GRANTED, and the motions for leave to file notices of supplemental authority are GRANTED.

BACKGROUND[1]

Defendant manufactures, labels, markets, and sells a "Chewy Fudge Brownie Mix" ("Brownie Mix" or "Mix") under the Duncan Hines brand. Compl. 1, ECF No. 1 (quotation marks omitted). The front of the box depicts several baked brownies and describes the product as "thick and fudgy." *Id*. (capitalization altered) (quotation marks omitted). Plaintiff April Huston purchased the Brownie Mix on one or more occasions, believing, based on the representations on the box, that "it would contain fudge and/or ingredients essential to fudge."

---

[1] When reviewing a motion to dismiss, the Court "accept[s] all facts alleged in the complaint as true and draw[s] all reasonable inferences from those facts in favor of the plaintiff." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). The factual background is therefore drawn from the complaint, ECF No. 1.

1

*Id*. at 11.  However, "due to the relatively greater amount of vegetable oil" compared to dairy fat ingredients, she did not have the experience she desired of eating fudge.  *Id*.

This is because, Plaintiff alleges, "milkfat is the central component" of fudge.  *Id*. at 2. Fat is a necessary ingredient for fudge because it affects its flavor and texture, and while "fat ingredients are typically from dairy or vegetable oils," dairy ingredients are preferred because they "impart a creamy, rich taste to fudge."  *Id*. at 5.  On the other hand, alternatives to milk fat, such as vegetable oils, are less desirable because they "do not melt at mouth temperature and leave a waxy mouthfeel."  *Id*.  Plaintiff points to a variety of fudge recipes and dictionary definitions of fudge that include dairy, generally butter, milk, or cream.  *Id*. at 2–4.

Plaintiff initiated this class action suit on September 4, 2021,[2] bringing claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1–12, *id*. at 13; violations of Iowa and Arkansas consumer fraud acts, *id*. at 12 n.18, 14; breach of express warranty, breach of the implied warranty of merchantability, and violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–12, *id*. at 14–15; negligent misrepresentation, *id*. at 15; common law fraud, *id*. at 15–16; and unjust enrichment, *id*. at 16.[3]  Plaintiff seeks to represent two classes: a class consisting of all persons in the state of

---

[2] Plaintiff alleges that the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).  Compl. 10.  Under that act, as relevant here, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Plaintiff claims that "[t]he aggregate amount in controversy exceeds $5 million," she is a citizen of Illinois, Defendant is a citizen of Delaware and Illinois, and the proposed class includes citizens of Illinois, Iowa, and Arkansas.  Compl. 10.

[3] In her complaint, Plaintiff also references the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 §§ U.S.C. 301–99i, and the Illinois Food, Drug and Cosmetic Act ("ILFDCA"), 410 ILCS 620/1–27, indicating that Defendant's labeling of the Mix as "fudge" constitutes "misbrand[ing]" under these statutes because it is false and misleading.  Compl. 6.  As Plaintiff only mentions the FDCA and ILFDCA in the fact section of her complaint and does not include violations of these statutes in her list of claims for relief, *compare id*., *with id*. at 13–16, the Court presumes she does not intend to bring claims under these statutes.  *See also* Pl.'s Resp. Def.'s Mot. Dismiss 1, ECF No. 10 (listing Plaintiff's claims for relief and failing to include any claim under the FDCA or the ILFDCA). Regardless, even if she did so intend, such claims would not be viable, as there is no private right of action under either the FDCA or the ILFDCA.  *See Goodrich v. Good Samaritan Reg'l Health Ctr*, Case No. 22-cv-132-DWD,

2

Illinois who purchased the Brownie Mix during the relevant statute of limitations period, and a class consisting of all persons in the states of Iowa and Arkansas who purchased the Mix during the relevant statute of limitations period. *Id*. at 12. She asks for monetary damages, statutory and/or punitive damages, and interest; preliminary and permanent injunctive relief directing Defendant to correct the labeling on the Brownie Mix and to refrain from similar practices in the future; and costs and expenses. *Id*. at 16.

The instant motions followed.

## DISCUSSION

### I.     Motion for Leave to File a Reply

Defendant moves for leave to file a reply brief in support of its motion to dismiss, arguing that a reply is needed so that Defendant can respond to Plaintiff's citations to inapposite case law and mischaracterizations of Defendant's arguments. Mot. Leave File Reply 1–3. Plaintiff has filed no response to the motion. *See* Civil L.R. 7.1(B)(2) ("If no response is timely filed, the [court] will presume there is no opposition to the motion . . . ."). For all motions not for summary judgment, "[n]o reply to the response is permitted without leave of Court." *Id*. 7.1(B)(3). "Typically, reply briefs are permitted if the party opposing a motion has introduced new and unexpected issues in his response to the motion, and the Court finds that a reply from the moving party would be helpful to its disposition of the motion." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011). A court may also permit a reply "in the interest of completeness." *Zhan v. Hogan*, Case No. 4:18-cv-04126-SLD-JEH, 2018 WL 9877970, at *2 (C.D. Ill. Dec. 18, 2018) (quotation marks omitted). Because the proposed reply

---

2022 WL 1623648, at *2 (S.D. Ill. May 23, 2022) (no private right of action under the FDCA (citing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001))); *Berarov v. Archers-Daniels-Midland Co*., No. 16 C 7355, 2019 WL 277717, at *5–6 (N.D. Ill. Jan. 22, 2019) (no private right of action under the ILFDCA).

would be helpful to the Court and in the interest of completeness, Defendant's motion for leave to file a reply is granted. The Clerk is directed to file the proposed reply, ECF No. 12-1, on the docket.

## II.    Motions for Leave to File Notice of Supplemental Authority

Defendant has also filed a motion for leave to file a notice advising the Court of a recent Central District of Illinois opinion, *Reinitz v. Kellogg Sales Co.*, Case No. 21-cv-1239-JES-JEH, 2022 WL 1813891 (C.D. Ill. June 2, 2022), First Mot. Leave File Not. Suppl. Auth. 1, and a motion for leave to file a notice advising the Court of four recent decisions from other districts, namely, *Burns v. Gen. Mills Sales, Inc.*, Case No. 3:21-cv-1099-DWD, 2022 WL 3908783 (S.D. Ill. Aug. 30, 2022); *Rice v. Dreyer's Grand Ice Cream, Inc.*, 21 C 3814, 2022 WL 3908665 (N.D. Ill. Aug. 30, 2022); *Lederman v. Hershey Co.*, Case No. 21-cv-4528, 2022 WL 3573034 (N.D. Ill. Aug. 19, 2022); and *Spurck v. Demet's Candy Co.*, 21 CV 05506 (NSR), 2022 WL 2971957 (S.D.N.Y. July 27, 2022), Second Mot. Leave File Not. Suppl. Auth. 1. Plaintiff has filed nothing to suggest it opposes either motion. This Court routinely grants motions for leave to provide supplemental authority when considering motions to dismiss, even where the party has already filed a motion or response. *See, e.g.*, *Heidelberg v. Manias*, 503 F. Supp. 3d 758, 773 (C.D. Ill. 2020) (granting motions to file supplemental authority filed after briefing for motion to dismiss was complete); *Simmons v. Parkinson*, Case No. 1:19-cv-01231-SLD-JEH, 2021 WL 4494605, at *2 (C.D. Ill. Sept. 30, 2021) (same). Defendant's motions to file notices of supplementary authority are granted. The Clerk is directed to file the first notice of supplementary authority, ECF No. 13-1, along with its exhibit, ECF No. 13-2, and the second notice of supplementary authority, ECF No. 14-1, along with its exhibits, ECF Nos. 14-2, 14-3, 14-4, 14-5, on the docket.

### III. Motion to Dismiss

Defendant moves to dismiss the complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Def.'s Mot. Dismiss 1. First, Defendant asserts that Plaintiff has failed to allege a deceptive act on Defendant's part because no reasonable consumer would be misled by the "Chewy Fudge Brownie Mix" and "Thick and Fudgy" statements on the box containing the mix, defeating Plaintiff's Illinois, Iowa, and Arkansas consumer protection claims. Def.'s Mem. Supp. Mot. Dismiss 4–13, ECF No. 7-1 (quotation marks omitted). It also maintains that the lack of any actionable misrepresentation precludes her common law claims. *Id.* at 13–14. Defendant further contends that because Plaintiff has not alleged fraud on the part of Defendant with the particularity required by Rule 9(b), the Court must dismiss all claims sounding in fraud. *Id.* at 14–15. It additionally argues that the fraud and ICFA claims must be dismissed because Plaintiff has failed to allege scienter, *id.* at 15–16; the negligent misrepresentation claim fails because Plaintiff does not claim she suffered physical injury or harm to property, nor is Defendant in the business of supplying information, as would be required under Illinois law, *id.* at 16–17; her breach of warranty claims (and therefore her MMWA claim) fail because of a lack of privity, there is no actionable statement that could sustain such claims, and she did not provide the requisite pre-suit notice, *id.* at 17–18; her unjust enrichment claim must be dismissed because it does not constitute an independent cause of action under Illinois law, *id.* at 18; and her Iowa and Arkansas consumer protection claims fail because she did not abide by those states' particular requirements for class action lawsuits, *id.* at 18–19.[4] Moreover, Defendant believes that Plaintiff lacks standing to pursue injunctive relief

---

[4] The parties appear to agree that Illinois law applies to the substantive legal issues for the tort claims. *See* Def.'s Mem. Supp. Mot. Dismiss 16–18 (applying Illinois substantive law to the negligent misrepresentation, breach of warranty, fraud, and unjust enrichment claims); Pl.'s Resp. Def.'s Mot. Dismiss 7–9 (same).

and to pursue claims on behalf of Iowa and Arkansas putative class members. *Id*. at 19–20. It requests that the Court dismiss Plaintiff's complaint with prejudice. *Id*. at 20–21.

The Court turns first to Defendant's arguments as to whether Plaintiff has stated claims under the various causes of action.[5]

### a. Failure to State a Claim

#### i. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the motion to dismiss stage, the key inquiry is whether the complaint is "sufficient to provide the defendant with 'fair notice' of the plaintiff's claim and its basis." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). While "detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When deciding on a motion to dismiss, the court must take "[t]he complaint's well-pleaded factual allegations, though not its legal conclusions, . . . [as] true," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013), and "draw all inferences in the light most favorable to the nonmoving party," *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

---

[5] Defendant argues only that Plaintiff lacks standing to obtain injunctive relief and to represent a designated class and does not question her standing to bring these claims at all. *See* Def.'s Mem. Supp. Mot. Dismiss 19–20. As such, the Court will first determine whether Plaintiff has stated a claim, and, if so, will then determine what type of relief she can obtain and whom she can represent in this class action.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Where a claim involves an allegation of deception, the plaintiff must also satisfy Rule 9(b)'s heightened pleading requirements. *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019); *see* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). This involves "identify[ing] the who, what, when, where, and how of the alleged fraud." *Vanzant*, 934 F.3d at 738 (quotation marks omitted). However, "[p]lausibility remains the pleading benchmark, even when a claim is subject to Rule 9(b)'s particularity requirement." *Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d. 687, 707 (N.D. Ill. 2020) (quotation marks omitted).

### ii. Analysis

#### 1. ICFA Claim

"The ICFA is 'a regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices.'" *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (alteration in original) (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002)). To state a claim under the ICFA, a plaintiff must allege: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (quotation marks omitted).

Plaintiff alleges that Defendant violated the ICFA by making false and deceptive representations as to the amount of milk fat in the Brownie Mix. Compl. 13.[6] Defendant argues that Plaintiff has failed to plausibly allege that it made a deceptive statement. Def.'s Mem. Supp. Mot. Dismiss 4–13. "[A] practice is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Benson*, 944 F.3d at 646 (quotation marks omitted). "To determine the likelihood of deception, courts apply a 'reasonable consumer' standard." *Geske*, 503 F. Supp. 3d at 704–05 (citing *Benson*, 944 F.3d at 646). This standard looks to the "probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 937 (7th Cir. 2021) (quotation marks omitted). Courts considering "deceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used." *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 477 (7th Cir. 2020). "Although ICFA claims often involve disputed questions of fact not suitable to a motion to dismiss, a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015).

As a preliminary note, although the ingredients statement on the Brownie Mix box clearly shows that the mix is made with vegetable shortening (i.e., palm oil) and does not contain dairy, *see* Compl. 7, this does not resolve the issue. The Seventh Circuit has concluded that "an accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers." *Bell*, 982 F.3d at 476. While "the context of the entire packaging is relevant," the court must look to "how real consumers understand and react to the advertising," and "[m]any reasonable consumers do not instinctively

---

[6] Plaintiff does not allege that Defendant violated the ICFA by engaging in unfair conduct, so the Court does not address that branch of the statute.

parse every front label or read every back label before placing groceries in their carts." *Id*. Instead, the Court must determine whether Plaintiff has sufficiently alleged that a reasonable consumer would read the prominent words "fudge" and "fudgy" on the front of the box and assume that the product contained milk fat.

In her complaint, Plaintiff claims that a variety of fudge recipes and dictionary definitions support this allegation. She cites to definitions of "fudge" from Wikipedia, An A-Z of Food and Drink, Google Dictionary, the Cambridge Dictionary, Collins Dictionary, Dictionary.com, and Macmillan Dictionary, all of which include butter, milk, or cream as a component. Compl. 2–4. She also points to an 1893 fudge recipe calling for cream and butter; an 1896 fudge recipe requiring milk and butter; a 1902 fudge recipe including milk and butter; a description from Molly Mills, "one of today's leading authorities on fudge," that fudge is "made most commonly from butter, milk, sugar, and chocolate"; a notation from The Oxford Companion to Sugar and Sweets that "[t]raditionally, fudge is made by gently boiling granulated sugar and milk . . . [and] adding butter"; and "[a] leading treatise on confectionary science and technology offer[ing] a model commercial formulation for fudge which includes between eight and sixteen percent butter and between twelve and twenty percent sweetened condensed milk." *Id*. at 2–3 (quotation marks omitted).[7]

Even accepting these statements as true, Plaintiff has failed to adequately allege that a reasonable consumer would be misled by the language on the Brownie Mix box. First, Plaintiff

---

[7] The Court does not take as true Plaintiff's statement that "[r]easonable consumers are misled by the identifying statements, 'Chewy Fudge Brownie Mix,' 'Thick and Fudgy[,]' and the pictures of brownies purporting to contain and/or be made with fudge and/or fudge ingredients, because they expect this means a non-*de-minimis* relative amount of dairy ingredients containing milk fat," Compl. 7, because it is conclusory. *See Wach v. Prairie Farms Dairy, Inc*., No. 21 C 2191, 2022 WL 1591715, at *3 (N.D. Ill. May 19, 2022) (holding that the plaintiffs' "allegations about consumer expectations—i.e., that a reasonable consumer would expect a product labeled 'Premium Vanilla Ice Cream' to contain a non-negligible amount of extracts from vanilla beans, or to include only real vanilla flavoring—are conclusory statements that [the court] need not accept" (citing *Iqbal*, 556 U.S. at 678)).

9

never alleges that these definitions and recipes are reflective of a reasonable consumer's assumptions as to the contents of fudge or that the reasonable consumer is even aware of them. *See id.* at 3 ("Dictionaries confirm the definitions *held by confectionery experts*." (emphasis added)). Second, Plaintiff's own allegations are inconsistent as to whether fudge *must* contain milk fat to be worthy of the name. Plaintiff states that "fat ingredients are essential to fudge, *regardless of form*," and that "fat ingredients are typically from dairy *or vegetable oils*." *Id.* at 5 (emphases added) (capitalization altered). Dairy ingredients are preferred because they "impart a creamy, rich taste to fudge" and "do[] not contribute to a waxy sensation," while vegetable oils and other alternatives to milk fat "do not melt at mouth temperature and leave a waxy mouthfeel." *Id.* At most, this supports the inference that the best or most desirable fudge contains milk fat.

Moreover, Molly Mills, allegedly a leading fudge expert, describes fudge as made "*most commonly* from butter, milk, sugar, and chocolate," not *always* made with butter and milk, *id.* at 2 (emphasis added) (quotation marks omitted), and includes in her fudge recipe book several recipes that do not incorporate dairy ingredients, *see Burns*, 2022 WL 3908783, at *4, *7–12 (reproducing Molly Mills's cookbook in the appendix and pointing out that "Mills' cookbook includes several fudge recipes that omit butter, milk, and/or chocolate" and, as such, "confirms that fudge is sometimes made without butter and milk").[8] Plaintiff's concession within her complaint that fudge *can* be made with vegetable oils instead of dairy ingredients forecloses the inference that fudge *cannot* be made with vegetable oils instead of dairy ingredients. Thus, she has not satisfactorily pleaded a deceptive practice. *See Bell*, 982 F.3d at 477 ("[W]here plaintiffs

---

[8] As in *Burns*, 2022 WL 3908783, at *4 n.5, Plaintiff cites to Mills's cookbook in her complaint and thereby incorporates it by reference, Compl. 2; *see Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (noting that, in resolving a 12(b)(6) motion, a court can rely on "documents that are critical to the complaint and referred to in it").

base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified.").

This case is merely one in a long line of similar fudge-related suits encountering this obstacle. District courts in the Seventh Circuit and elsewhere have concluded that complaints substantially identical to the one here, replete with citations to Molly Mills's and other recipes, failed to adequately allege that "a significant portion of the general consuming public expects all fudge products to contain milk and butter." *See Burns*, 2022 WL 3908783, at *3 ("Burns' own complaint refutes the claim that there is a single universal definition of fudge—one that always includes milk and butter—and implicitly admits that fudge can be made with nondairy ingredients, such as vegetable oil or margarin."); *see also Reinitz*, 2022 WL 1813891, at *3 ("Whether or not experts agree, [the] [p]laintiff fails to support that the average consumer would believe a fudge product must, of necessity, contain milkfat."); *Lederman*, 2022 WL 3573034, at *4 ("[E]ven if the reasonable confectionery expert deems milkfat essential to fudge, [the] [p]laintiff has not shown that the reasonable 21st century *consumer* has the same expectations. Nowhere in the complaint does [the] [p]laintiff allege that the reasonable consumer defines 'fudge' according to classic recipes created by experts."); *Spurck*, 2022 WL 2971957, at *2–3 (finding that language on the packaging of white fudge covered pretzels manufactured by the defendant was not misleading under the New York General Business Law because "[a] reasonable consumer would not infer that the [white fudge coating] was made with a specific fudge recipe or ingredient without additional representations on the packaging").[9]

---

[9] In contrast, food advertising cases which have survived the motion to dismiss stage involved language that could be plausibly interpreted in the plaintiff's favor. *See, e.g.*, *Bell*, 982 F.3d at 476–78 (finding that a plausible reading of the phrase "100% Grated Parmesan Cheese" was that "100%" applied to all three words); *Rudy v. Family Dollar Stores, Inc.*, 583 F. Supp. 3d 1149, 1159 (N.D. Ill. 2022) (finding that the plaintiff's interpretation of a label reading "[s]moked almonds" to indicate that the product had been roasted over a fire was reasonable at the motion to dismiss stage (quotation marks omitted)).

Because Plaintiff has failed to sufficiently plead that a significant portion of the general consuming public could be misled by the use of the words "fudge" and "fudgy" on the box of Brownie Mix, *see Weaver*, 3 F.4th at 937, her ICFA claim must be dismissed.[10]

### 2. Iowa and Arkansas Consumer Fraud Claims

Plaintiff's claims pursuant to Iowa and Arkansas consumer fraud acts[11] fail for the same reason. *See* Compl. 14; *see* Ark. Code Ann. § 4-88-108(a)(1) (making "[t]he act, use, or employment by a person of any deception, fraud, or false pretense" "in connection with the sale or advertisement of any goods" unlawful); Iowa Code Ann. § 714H.3(1) ("A person shall not engage in a practice or act the person knows or reasonably should know is an unfair practice, deception, fraud, false pretense, or false promise . . . , with the intent that others rely upon the [practice or act] . . . in connection with the advertisement[ or] sale . . . of consumer merchandise . . ."). As Defendant notes, *see* Def.'s Mem. Supp. Mot. Summ. J. 5 n.3, these claims are governed by the same reasonable consumer standard articulated above, *see Howard v. Bayer Corp.*, Case No. 4:10-cv-1662-DPM, 2011 WL 13224118, at *1 (E.D. Ark. July 22, 2011) (noting that "it is a widely accepted legal proposition" that, when evaluating claims for violation of the Arkansas Deceptive Trade Practices Act, courts should evaluate the relevant product label "as a reasonable consumer would"); *Moeller v. Samsung Elecs. Am., Inc.*, No. 3:22-cv-00013-SHL-HCA, 2022 WL 4182205, at *4 (S.D. Iowa Aug. 24, 2022) (noting that the relevant statute defines "[d]eception" as "an act or practice that is likely to mislead a substantial number of consumers as to a material fact or facts" and looking to the overall impression created by the

---

[10] Defendant also argues that Plaintiff has failed to show scienter. Def.'s Mem. Supp. Mot. Dismiss 15–16. Because the Court has dismissed the ICFA claim, it need not address this argument here.

[11] Elsewhere in the complaint, Plaintiff identifies the relevant consumer fraud acts as the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101–1005, and the Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. §§ 714H.1–H.8. *See* Compl. 12 n.18 (erroneously citing to Iowa Code Ann. § 714.16, which provides only for enforcement by the Iowa attorney general).

representation to determine its likelihood to mislead (quoting Iowa Code Ann. § 714H.2(5))). As discussed above, *see* Section III(a)(ii)(1), Plaintiff did not adequately allege that a reasonable consumer would find the Brownie Mix label misleading. Thus, she has not alleged any deceptive act on Defendant's part. The Iowa and Arkansas state consumer fraud claims are dismissed.[12]

### 3. Express and Implied Warranty and the MMWA

Plaintiff predicates her breach of warranty and MMWA claims on the assertion that Defendant "expressly and impliedly warranted to [P]laintiff . . . that [the Brownie Mix] contained fudge made with the expected dairy ingredients of butter and milk . . . instead of substitutes for these ingredients in the form of vegetable oils." Compl. 14–15. "An express warranty arises where (1) the seller makes an affirmation of fact or promise (2) that relates to the goods and (3) becomes part of the basis of the bargain between the parties." *Lambert v. Dollar Gen. Corp.*, Case No. 16 C 11319, 2017 WL 2619142, at *2 (N.D. Ill. June 16, 2017). To state a claim for breach of an express warranty, the plaintiff must plead "(1) the terms of the warranty; (2) a breach or failure of the warranty; (3) a demand upon the defendant to perform under the terms of the warranty; (4) a failure by the defendant to do so; (5) compliance with the terms of the warranty by the plaintiff; and (6) damages measured by the terms of the warranty." *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1110 (S.D. Ill. 2022) (quotation marks omitted). Defendant argues that Plaintiff has failed to point to an "actionable statement" that could constitute an affirmation of fact or promise that the Brownie Mix contains dairy ingredients.

---

[12] As Defendant notes, *see* Def.'s Mem. Supp. Mot. Dismiss 18–19, Plaintiff additionally cannot pursue a private class action under Arkansas' consumer protection law, *see* Ark. Code Ann. § 4-88-113(f)(1)(B) ("A private class action under this subsection is prohibited unless the claim is being asserted for a violation of [a state constitutional amendment not relevant here]."), and the complaint contains no indication that Plaintiff obtained the approval of the Iowa attorney general to bring this class action suit alleging a violation of Iowa's consumer protection statute, *see* Iowa Code Ann. § 714H.7 ("A class action lawsuit alleging a violation of this chapter shall not be filed with a court unless it has been approved by the attorney general.").

Def.'s Mem. Supp. Mot. Dismiss 17.  The Court agrees.  Nothing in the complaint suggests that Defendant expressly stated anywhere that the Mix incorporated dairy ingredients, *see* Compl. 1, 7 (showing images of the front of the mix box and the ingredients statement, neither of which provides any indication that the mix contains dairy), and, as indicated above, *see* Section III(a)(ii)(1), it is not reasonable to interpret the use of the word "fudge" or "fudgy" as a promise that a product is made with dairy.

Nor has she adequately alleged breach of the implied warranty of merchantability.  To state such a claim, a plaintiff must allege that "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015) (quotation marks omitted).  "To be merchantable, the goods must be, among other things, fit for the ordinary purpose for which the goods are used." *Id.* (quoting 810 ILCS 5/2-314).  Plaintiff believes that the Brownie Mix was not merchantable because, as it did not contain dairy ingredients, it was not fit to be sold under the label of "fudge."  *See* Compl. 15 ("The [Brownie Mix] . . . w[as] not merchantable because [it] [wa]s not fit to pass in the trade as advertised.").  But because she has failed to allege that a product with the label of "fudge" must contain dairy products, she does not succeed in pleading here that the Brownie Mix was not merchantable due simply to its lack of milk fat.

Because both her express and implied warranty claims fail, Plaintiff cannot sustain a claim under the MMWA.  *See Schiesser v. Ford Motor Co.*, Case No. 16-cv-00730, 2016 WL 6395457, at *4 (N.D. Ill. Oct. 28, 2016) ("The ability to sustain a cause of action under the [MMWA] is dependent on the existence of an underlying viable state-law warranty claim."); *see*

*Reinitz*, 2022 WL 1813891, at *5 (dismissing the plaintiff's MMWA claim because she "d[id] not have viable state-law warranty claims"). All three claims are accordingly dismissed.[13]

### 4. Negligent Misrepresentation

To state a claim for negligent misrepresentation, a plaintiff must plead:

> (1) a false statement of a material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance when the party making the statement is under a duty to communicate accurate information.

*Capiccioni v. Brennan Naperville, Inc.*, 791 N.E.2d 553, 562 (Ill. App. Ct. 2003). Plaintiff asserts that Defendant falsely represented the Brownie Mix by labeling it as "fudge" and thus holding it out as containing dairy ingredients when it did not. *See* Compl. 8–9, 15. Defendant disputes that Plaintiff has pled an actionable misrepresentation and argues that the Brownie Mix label did not contain any false statements. Def.'s Mem. Supp. Mot. Dismiss 13–14, 16–17. The Court finds that Plaintiff has not pled a false statement of material fact, as the Brownie Mix label contains no statement that the Mix has dairy ingredients, and it is not reasonable to interpret the use of the word "fudge" as a representation that a product contains dairy. *See* Section III(a)(ii)(1). Accordingly, the negligent misrepresentation claim is dismissed.

### 5. Common-Law Fraud

In order to plead common-law fraud in Illinois, a plaintiff must allege "(1) a false statement of material fact; (2) [the] defendant's knowledge that the statement was false; (3) [the] defendant's intent that the statement induce the plaintiff to act; (4) [the] plaintiff's reliance upon the truth of the statement; and (5) [the] plaintiff's damages resulting from reliance on the

---

[13] Because the Court has dismissed Plaintiff's breach of warranty claims, it need not address Defendant's arguments as to privity and pre-suit notice. *See* Def.'s Mem. Supp. Mot. Dismiss 17–18.

statement." *Tricont'l Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007) (quotation marks omitted). As with the negligent misrepresentation claim, Defendant argues that Plaintiff has not alleged a false statement of material fact, *see* Def.'s Mem. Supp. Mot. Dismiss 13–14, and the Court agrees for the same reason stated above. *See* Section III(a)(ii)(4). Defendant also contends that Plaintiff has failed to plead scienter. Def.'s Mem. Supp. Mot. Dismiss 15–16. Nowhere in the complaint does Plaintiff provide any non-conclusory allegations that Defendant knew that its use of the label "fudge" constituted a false statement or intended to defraud Plaintiff.[14] Plaintiff's common-law fraud claim is accordingly dismissed.

### 6. Unjust Enrichment

"Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). The unjustness of the retention usually derives from "some improper conduct by the defendant"; such conduct will often "form the basis of another claim against the defendant." *Id.* Here, Plaintiff alleges unjust enrichment due to Defendant's misrepresentation of the dairy content in the Brownie Mix; thus, her unjust enrichment claim is premised on the conduct underlying her claims for fraud and misrepresentation. *See* Compl. 13–14, 15–16. The Seventh Circuit has affirmed that "where the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well." *Ass'n Benefit Servs., Inc. v. Caremark RX,*

---

[14] Plaintiff alleges only that "Defendant's fraudulent intent is evinced by its knowledge that the [Brownie Mix] was not consistent with its representations." Compl. 16. This "hopelessly circular claim"—in Defendant's words, *see* Def.'s Mem. Supp. Mot. Dismiss 15—is merely conclusory.

*Inc.*, 493 F.3d 841, 855 (7th Cir. 2007) (emphasis omitted). As the Court has dismissed all other claims in this suit, the unjust enrichment claim cannot stand. It is accordingly dismissed.

### b. Lack of Standing

Because the Court has dismissed all of Plaintiff's claims, it need not address Defendant's argument that she lacks standing to pursue injunctive relief or to represent Iowa and Arkansas putative class members.

### c. Leave to Replead

Defendant requests that Plaintiff's complaint be dismissed with prejudice. Def.'s Mem. Supp. Mot. Dismiss 20–21. The Seventh Circuit has stated that "a plaintiff . . . should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion ex. rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Plaintiff has not yet had the opportunity to amend her complaint, and so the Court will permit her to file an amended complaint to attempt to remedy the deficiencies identified here. As such, it declines to dismiss the complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Conagra Brands, Inc.'s motion to dismiss, ECF No. 7, is GRANTED; Defendant's motion for leave to file a reply brief, ECF No. 12, is GRANTED; Defendant's first motion for leave to file a notice of supplemental authority, ECF No. 13, is GRANTED; and Defendant's second motion for leave to file a notice of supplemental authority, ECF No. 14, is GRANTED. Plaintiff April Huston may file an amended complaint within 14 days of entry of this Order. If Plaintiff does not file an amended complaint by that deadline, this suit will be dismissed with prejudice.

Entered this 30th day of September, 2022.

                                                                                    s/ Sara Darrow
                                                                             SARA DARROW
                                          CHIEF UNITED STATES DISTRICT JUDGE