E-FILED
Tuesday, 04 October, 2022  03:27:04 PM
Clerk, U.S. District Court, ILCD

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| APRIL HUSTON,             ) <br> ) <br> Plaintiff,             ) <br> ) <br> v.             ) <br> ) <br> CONAGRA BRANDS, INC.,             ) <br> ) <br> Defendant.             ) | Case No. <br> 4:21-cv-04147-SLD-JEH |

**CONAGRA BRANDS, INC.'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS CLASS ACTION COMPLAINT**

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Alan F. Pryor (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
angela.spivey@alston.com
andrew.phillips@alston.com
alan.pryor@alston.com

# INTRODUCTION

Plaintiff's opposition (Dkt. 10) relies on inapposite case law and attacks strawmen that have no bearing on the arguments or caselaw cited in Conagra's briefing.  Plaintiff claims that Conagra's Duncan Hines Fudge Brownie Mix ("Brownie Mix") is falsely labeled as a "Chewy Fudge" brownie mix and "Thick and Fudgy" because it does not contain "dairy ingredients with milkfat."  But even from the outset, Plaintiff's theory of deception fails because she mistakes the Brownie Mix for a completely different product: fudge candy.  In reality, the Duncan Hines Brownie Mix is a dry, shelf-stable mix, and *nowhere* does the labeling indicate that the Brownie Mix: is made with milk; contains dairy ingredients with milkfat; or contains no other fats or oils.  Simply put, reasonable consumers would not be misled by the "Chewy Fudge Brownie Mix" and "Thick and Fudgy" statements on the Brownie Mix, and, separately, the additional statements on the label would dispel any irrational understanding of the label.

The Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

# ARGUMENT AND CITATION TO AUTHORITY

### A.  Plaintiff Relies on Inapposite Caselaw that Has No Bearing on this Dispute

Conagra's Motion demonstrates that Plaintiff cannot plausibly allege that a *significant portion* of "the general consuming public . . . acting reasonably" could be misled by the statements "Chewy Fudge Brownie Mix" and "Thick and Fudgy" on the label.  *Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 705 (N.D. Ill. 2020).  In a misguided attempt to avoid dismissal, Plaintiff twists the law beyond recognition to argue that the Seventh Circuit's decision in *Bell v. Publix Super Markets, Inc.* precludes dismissal here.  982 F.3d 468 (7th Cir. 2020). *Bell* has no bearing on whether reasonable consumers would embrace Plaintiff's strained understanding of "Fudge Brownie Mix" and "Thick and Fudgy" to make the leap that the

1

Brownie Mix should contain unnamed "dairy ingredients with milkfat." Compl. (Dkt. 1) ¶ 47.

In *Bell*, the Seventh Circuit concluded the statement "100% Grated Parmesan Cheese"—which was prominently featured on a cheese shaker tube's front label—was misleading on its face because the product contained additional ingredients. The *Bell* Court reversed dismissal on the pleadings because it was not reasonable to expect consumers to read back-of-label disclaimers to correct this potentially misleading claim on a front label. *Bell*'s reasoning, however, is inapposite here. First, the label "100% Grated Parmesan Cheese" is easily distinguishable from the label at bar because this case simply does not involve an express front label statement about the Brownie Mix's dairy content. For *Bell* to be analogous at all would require the subject product to bear a "made with 100% real dairy" (or similar) claim. There is none. Second, "100% Grated Parmesan Cheese" reinforces the belief that a parmesan cheese product contained one ingredient: parmesan cheese. That is not the case for the Brownie Mix—which must include multiple ingredients. It even has baking instructions, which call for adding more ingredients (including, as a "swap" option, milk). *Bell* has no impact here.

Plaintiff is left with arguing that Conagra cannot point to the ingredients list as a defense because of what she alleges is a "front label misrepresentation." She suggests that Conagra should not be allowed to "parse" a label's language for any perceived ambiguity. *See* Opp'n at 6. But Plaintiff's claim of a "front label misrepresentation" turns *Bell* on its head and represents the very kind of strained, unreasonable interpretation that the *Bell* court criticized. *See Bell*, 982 F.3d at 480 (rejecting construction of the label "simply because lawyers can construe" it in a particular way). Much to Plaintiff's disappointment, there is no "front label misrepresentation." The Brownie Mix does not state that it: is made with milk; contains dairy ingredients with milkfat; or contains no other fats or oils. Plaintiff's phantom "front label misrepresentation" is,

in reality, not a misrepresentation at all—and, in all events, is incomparable to the "100% Grated Parmesan Cheese" representation in *Bell*.

What remains is an unsupported claim about "dairy ingredients with milkfat" in Brownie Mix that makes no claim about its dairy content. Dismissal is appropriate because Plaintiff alleges (implausibly) that "a consumer will read a true statement on a package . . . and assume things about the products *other than* what the statement actually says." *Red v. Kraft Foods, Inc.*, No. 10-cv-1028, 2012 U.S. Dist. LEXIS 164461, at *9 (C.D. Cal. Oct. 25, 2012).

### B. Plaintiff's Other Arguments Are Speculative and Meaningless

Next, Plaintiff persists in attacking strawmen that have no bearing on Conagra's actual arguments or the wealth of authority cited in Conagra's briefing. She first singles out a handful of cases cited in Conagra's Motion, waving them away with illusory distinctions that they are based on mere "subjective" beliefs, involve flavor claims (not foods), or assert impossible expectations. *See* Opp'n at 2-4. Plaintiff then hand-picks other cases with even more farfetched claims and allegations, in hopes they will add a gloss of plausibility to her own claims. *See id.* at 4 (citing dismissed claims challenging that "Froot Loops" do not have fruit, Cap'n Crunch's Crunchberries do not have fruit, and that "Original Vanilla" and "Classic" Drumsticks are not more wholesome or nutritious than other ice cream products). Plaintiff concludes by criticizing Conagra for not explaining "*why* Plaintiff's allegations lack 'common sense.'" Opp'n at 3.

But Plaintiff bears the burden of asserting a plausible claim for relief, and even a cursory review of the allegations and label demonstrates "why" Plaintiff cannot do so here: the product is a dry, shelf-stable mix; its label is accurate, true, and makes *no* representation that it contains dairy with milkfat; and *Plaintiff herself conceded that using non-dairy ingredients does not make a fudge brownie product any more—or less—fudgy.* Compl. (Dkt. 1) ¶ 30 (admitting fat

3

ingredients in fudge "are typically from dairy *or vegetable oils*") (emphasis added).

Plaintiff's other arguments simply duck the substance of Conagra's Motion, ignore the bulk of the cases cited in Conagra's briefing, and disregard the mounting body of case law that has found similar claims and allegations lacking. For example, Plaintiff makes no effort to distinguish the cases, in which courts have dismissed similar "made with real" labeling suits (including a number raised by Mr. Sheehan) as implausible and because they defy reasonable consumers' everyday experiences. *See* Motion at 7-8 (collecting cases).

These are not one-off decisions, but rather part of a growing corpus of cases that support Conagra's Motion. Indeed, since Conagra filed its opening brief, other decisions (including several from Illinois district courts) have joined the chorus, rejecting strikingly similar claims asserted by Plaintiff's counsel. For example, in *Ceretti v. Whole Foods Market Group, Inc.*, the Northern District of Illinois dismissed the plaintiff's challenges that an ice cream bar's chocolate coating had "less chocolate than consumers expect" and "wasn't only chocolate" because the "packaging wasn't likely to deceive a significant portion of reasonable consumers." No. 21-CV-5516, 2022 U.S. Dist. LEXIS 65513, at *6, *7 (N.D. Ill. Apr. 8, 2022). Like here, the plaintiff also "want[ed] to ground her interpretation of [the label] on dictionary definitions, consumer preferences, survey results, and federal regulations." *Id.* The court rejected that effort because "[n]one of plaintiffs' allegations shows that [the defendant] was lying . . . [and the] plaintiff hasn't alleged that consumers were aware of those definitions or would expect a chocolate coating on ice cream to conform precisely to those definitions." *Id.* at *7-8. Other recent cases are in accord. *See Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 U.S. Dist. LEXIS 35632, at *9-10 (N.D. Ill. Mar. 1, 2022) (dismissing suit alleging that a strawberry Pop-Tarts label deceptively implies that the filling contains "more strawberries than it does": the plaintiff's

4

interpretation "is unreasonable and unactionable" because the label "does not state or suggest anything about the amount of strawberries in the Product's filling"); *Yu v. Dreyer's Grand Ice Cream, Inc.*, No. 20-cv-8512-ER, 2022 U.S. Dist. LEXIS 47043, at *13-16 (S.D.N.Y. Mar. 16, 2022) (dismissing suit alleging that ice cream bar's label "Dipped in Rich Milk Chocolate" was deceptive because it contained vegetable oils: the allegation that the chocolate was no longer "real chocolate" as a result of the vegetable oils was unpersuasive, and the ingredient list confirmed the representations on the packaging); *Lemke v. Kraft Heinz Food Co.*, No. 21-cv-278, at 12 (W.D. Wisc. May 2, 2022) ("Because Lemke has not plausibly alleged that a reasonable consumer *won't* receive the 'mozzarella cheese,' 'real cheese' and 'tomato sauce' provided on the front of the package of defendant's Bagel Bites, plaintiff has failed to state a claim for relief. As such, this court agrees with the recent decisions issued by the Northern and Southern District Courts of Illinois, as well as the Southern District of New York, in rejecting other suits brought by plaintiff's counsel for advancing an interpretation of a product's packaging that is 'unreasonable and unactionable.'").

Finally, Plaintiff persists in making conclusory arguments that the ingredients for fudge candy and brownie mix are one and the same. They are not. And the Court need not make the leap that because some recipes for fudge candy contain milkfat, all dry fudge brownie mixes should, too. Reasonable consumers know that if they had any question as to the contents of the Brownie Mix, "[t]he ingredient list[] thus clarif[ies]—in exactly the spot consumers are trained to look[.]" *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018).

## **CONCLUSION**

Because Plaintiff's theory of deception in this case is unreasonable and implausible, her claims should be dismissed with prejudice.

5

May 16, 2021                                    Respectfully submitted,


                                                By:  */s/ Angela M. Spivey*
                                                Angela M. Spivey (*pro hac vice*)
                                                Andrew G. Phillips (*pro hac vice*)
                                                Alan F. Pryor (*pro hac vice*)

                                                Alston & Bird LLP
                                                1201 W. Peachtree Street
                                                Atlanta, Georgia 30309
                                                Phone: (404) 881-7000
                                                Fax: (404) 881-7777
                                                angela.spivey@alston.com
                                                andrew.phillips@alston.com
                                                alan.pryor@alston.com

                                                *Counsel for Conagra Brands, Inc.*